IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 15-0300-WS |
| | ) |
| JOSHUA BLAKE WISE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on the Government's Motion to Seal Indictment and All Pleadings (doc. 21). Via this Motion, the Government seeks to have this entire case file be sealed on the grounds that the matter is still under investigation, the defendant is cooperating, and "[p]ublic access to this case could seriously jeopardize the investigation."

This request is unusual. Certainly, it is not uncommon in criminal cases for specific sensitive documents (*i.e.*, plea agreements, motions for downward departure based on cooperation, and the like) to be placed under seal; however, it is rare, at least in this District Court, for entire case files to be sealed. There are sound explanations for the infrequency of such a practice. After all, the Local Rules specify that "[n]o case may be sealed in its entirety except by order of the Court obtained in accordance with this Rule and applicable law." General L.R. 5.2(b)(7).

With regard to applicable law, it is well-settled that "[t]he common-law right of access to judicial proceedings … is instrumental in securing the integrity of the process" and unquestionably "includes the right to inspect and copy public records and documents." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). Indeed, "[o]pen criminal proceedings have been an indispensable attribute of an Anglo-American trial for centuries." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028-29 (11th Cir. 2005) (citations and internal quotation marks omitted). "Public trials and judicial proceedings are rooted in the principle that justice cannot survive behind walls of silence." *Id.* at 1029 (citations and internal quotation marks omitted). Simply put, "[w]hat transpires in the court room is public property," and "[a]ny step that withdraws an element of the judicial process from public view …

requires rigorous justification." *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (citations omitted).

Furthermore, the Eleventh Circuit has held that "public docket sheets are essential to provide 'meaningful access' to criminal proceedings" and that the press and the public have a qualified First Amendment right to access criminal docket sheets. *Ochoa-Vasquez*, 428 F.3d at 1029 & n.15 (recognizing that "[t]he docket sheet forms an integral part of a criminal proceeding"). To overcome this presumption of openness of criminal proceedings (including the docket sheet), a party must show "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 1030 (citation omitted).

Against this legal backdrop, the Local Rules set forth a specific procedure that must be followed before materials are sealed. Most notably, the motion to seal must set forth "[t]he basis upon which the party seeks the order, including the reasons why alternatives to sealing are inadequate" and "[t]he duration for which sealing is requested." General L.R. 5.2(b)(2)(B) & (C).

The Government's Motion to Seal falls short of both the legal and the procedural requirements described above. The Motion does not identify with particularity why sealing the entire case (as opposed to some subset of filings, such as documents 2, 6 and 19 which have already been placed under seal) is essential to preserve higher values, why the proposed remedy is narrowly tailored to serve that interest, and why alternatives to the "seal-everything" proposal are inadequate. Nor does the Motion explain why the Government waited nearly six months from the filing of the Indictment on December 30, 2015 to request that the entire court file be placed under seal, or why (in light of this prolonged period of public access) sealing the file now would be vital to preserve the integrity of an ongoing investigation. Accordingly, the Government is **ordered** to file a supplement to its Motion to Seal on or before **June 29, 2016**, supplying additional information and providing the necessary justifications for the extraordinary relief it seeks. That supplement may be filed under seal, if appropriate, to safeguard any sensitive information contained therein.

DONE and ORDERED this 22nd day of June, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE