**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 15-0300-WS** |
| | ) | |
| **JOSHUA BLAKE WISE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

The defendant has filed a document requesting two forms of relief:  (1) an amendment to the judgment to make his federal sentence run concurrently with his now-discharged state sentence; and (2) an award of jail credit beyond that calculated by the Bureau of Prisons ("BOP").  (Doc. 59).  The Court construes the document as a motion for such relief.

A judgment once entered cannot be modified except as provided by 18 U.S.C. § 3582(c).  A motion to correct sentence can be pursued only in compliance with Rule 35, *id*. § 3582(c)(1)(B), and the defendant's motion falls outside the scope of that rule.

Rule 35(a) permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error," but only "[w]ithin 14 days after sentencing."  After that date, the trial court loses all power to act under Rule 35(a).  *E.g., United States v. Phillips*, 597 F.3d 1190, 1197 (11th Cir. 2010); *United States v. Diaz-Clark*, 292 F.3d 1310, 1317 (11th Cir. 2002); *United States v. Morrison*, 204 F.3d 1091, 1094 (11th Cir. 2000).  The defendant was sentenced in February 2018, (Doc. 55), and the instant motion was not filed until October 2019, some 20 months later.  Relief under Rule 35(a) is thus barred by the passage of time.

It is also barred on the merits.  The Court had discretion whether to make the defendant's federal sentence run concurrently with, or consecutively to, his state sentence, 18 U.S.C. § 3584(a), and the Court chose consecutive sentences.  The Court did not expressly specify consecutive sentences but, by law, multiple sentences imposed at

different times run consecutively unless the court expressly orders that they run concurrently.  *Id*.  There was thus no error, clear or otherwise, in the sentence imposed.[1]

For these reasons, the defendant's deemed motion to amend the judgment is **denied**.

Credit for time spent in official detention prior to the date a federal sentence commences is governed by 18 U.S.C. § 3585(b).  Because BOP is authorized by law to compute sentence credit awards after sentencing, a defendant is required to exhaust his administrative remedies with BOP before seeking relief in federal court.  *United States v. Williams*, 425 F.3d 987  990 (11th Cir. 2005).  And because such relief must be brought pursuant to 28 U.S.C. § 2241, *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000), it must be sought in the district of confinement.  *Diaz v. United States*, 580 Fed. Appx. 716, 717 (11th Cir. 2014).  Because the defendant is not confined in the Southern District of Alabama, his deemed motion for jail credit is **denied**, without prejudice to his ability to seek such relief in a proper forum.  Should he pursue such relief, he should be prepared to demonstrate that he has first exhausted his administrative remedies.

DONE and ORDERED this 13th day of November, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] Rule 36 allows a court "at any time" to "correct a clerical error in a judgment …, or correct an error in the record arising from oversight or omission."  There is thus no deadline for filing such a motion.  However, "Rule 36 … cannot be used … to make a substantive alteration to a criminal sentence."  *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003).  Altering the defendant's sentence from consecutive to concurrent would work an impermissible substantive alteration.  And, as explained in text, the consecutive nature of the defendant's sentences did not result from clerical or other error but from the Court's purposeful decision.