IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 15-0300-WS |
| | ) | |
| JOSHUA BLAKE WISE, | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

This matter is before the Court on the defendant's motion for compassionate release. (Doc. 67).[1]

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ….

18 U.S.C. § 3582(c)(1)(A).

Relief under this provision, known as "compassionate release," thus contemplates satisfaction of four elements: (1) a proper motion; (2) a finding that extraordinary and compelling reasons for such relief exist; (3) a finding of consistency with Sentencing Commission policy statements; and (4) favorable consideration of the Section 3553(a) factors.

The Court assumes without deciding that the defendant has satisfied the first element for relief. (Doc. 67 at 6-8, 29). The defendant, however, has provided the Court nothing that could

---

[1] The defendant's motion for leave to file his motion for compassionate release under seal, (Doc. 66), is **granted**.

support a finding that "extraordinary and compelling reasons" for relief, as defined by Eleventh Circuit precedent, exist.

The defendant identifies both medical and non-medical reasons for compassionate release. His medical reasons are as follows: (1) he suffers from bipolar disorder and attention deficit/hyperactivity disorder ("ADHD"); (2) he suffers from extremely high blood pressure, for which he has been hospitalized several times while incarcerated; (3) he has a diagnosed tendency towards panic attacks and anxiety attacks; (4) he has an overactive bladder, resulting in frequent urination and a constant urge to urinate immediately; and (5) medical literature indicates that persons with his mental health conditions who contract Covid may experience intensified symptoms of anxiety, hallucinations, and severe depression, as well as a rise in suicidal thinking and symptoms of delirium, agitation, and stroke. (Doc. 67 at 10-12).

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission has done so. U.S.S.G. 1B1.13. The extraordinary and compelling reasons listed therein are the only ones that can support compassionate release, and district courts lack power to develop others. *United States v. Bryant*, 996 F.3d 1243, 1247-48, 1264-65 (11th Cir. 2021).[2] The only "medical conditions of the defendant" that can support compassionate release are: (1) a "terminal illness"; and (2) "a serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 application note 1(A). The defendant does not purport to have a terminal illness. Nor does he assert that any of his conditions, alone or in combination, interfere with his ability to care for himself in a prison environment.

Because a medical condition's interference with the inmate's ability to care for himself in prison is a necessary ingredient under application note 1(A)(ii), the defendant's failure to assert such an interference is fatal to his assertion of an extraordinary and compelling reason for

---

[2] The defendant's assertion, supported by cases from outside the Eleventh Circuit, that the Court "can consider any other factors as the basis for an 'extraordinary and compelling reason' for compassionate release," (Doc. 67 at 3), is legally incorrect in light of *Bryant*, by which the Court is bound.

release, with or without a risk of contracting Covid.[3]  *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (the "confluence of [a defendant's] medical conditions and COVID-19" does not create an extraordinary and compelling reason for compassionate release when those conditions "were manageable in prison, despite the existence of the COVID-19 pandemic").[4]

The defendant identifies his non-medical reasons for compassionate release as: (1) the indictment was duplicitous ; (2) his federal sentence should have run concurrently with his state sentence; (3) the base offense level should have been 36 rather than 38; (4) the defendant provided substantial cooperation; (5) the defendant's father was physically accosted by assistant marshals; and (6) the Bureau of Prisons has not correctly calculated the defendant's credit for time served. (Doc. 67 at 13-22). Because none of these reasons fall within Section 1B1.13, they cannot support a finding of extraordinary and compelling reasons for compassionate release.

Because the defendant has failed to make any showing that legally recognized extraordinary and compelling reasons exist, the Court need not address either the Section 3553(e) factors or relevant policy statements. *United States v. Tinker*, 14 F.4th 1234, 1239 (11th Cir. 2021).

---

[3] The Court notes parenthetically that, according to the Bureau of Prisons website, Hazelton FCI currently has no Covid-positive inmates or staff.

[4] *Accord United States v. Lawson*, 2022 WL 152512 at *2 (11th Cir. 2022) (when the defendant failed to show that his medical issues diminished his ability to provide self-care in prison, "any confluence between [his] alleged asthma or his other conditions and COVID-19 does not warrant a finding of extraordinary and compelling reasons"); *United States v. Aldissi*, 2022 WL 16488 at *2 (11th Cir. 2022) (regardless of any risk of developing severe symptoms of Covid, relief is limited to those with conditions that presently diminish their ability to provide self-care in prison); *United States v. Adamson*, 2021 WL 3160845 at *2 (11th Cir. 2021) (denial of compassionate release upheld when the defendant had not shown that his obesity diminished his ability to provide self-care in a prison environment during the Covid pandemic); *United States v. Jordan*, 2021 WL 5112257 at *3 (11th Cir. 2021) (same); *United States v. Colley*, 2021 WL 3667222 at *2 (11th Cir. 2021) ("The district court was also correct that Colley's medical conditions – obesity and hypertension – did not constitute an extraordinary and compelling reason because it did not meet the criteria in" advisory note 1(A)); *United States v. Oneal*, 2021 WL 5894858 at *2 (11th Cir. 2021) ("A district court does not abuse its discretion by denying compassionate release to an inmate with medical conditions that may increase the risk of death or severe medical complications from COVID-19 where the inmate's conditions do not fall within the policy statement's stated medical conditions.").

For the reasons set forth above, the defendant's motion for compassionate release is **denied**.

DONE and ORDERED this 28th day of June, 2022.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE